KINGMAN & BALLARD, PLAINTIFFS IN ERROR, V. E. B. APPLEGET, DEFENDANT IN ERROR.

1. **Evidence** examined and *Held* to sustain the verdict of the jury.

2. **Instructions** referred to, examined and *Held* to have been properly refused.

3. **Judicial Sale:** SHERIFF'S DEED: DELIVERY. The strictly formal delivery of a sheriff's deed is not essential to its validity, as in a transaction between individuals as private parties to the conveyance of real estate; yet where a deed was written and signed by a sheriff and six years thereafter the purchaser at the sheriff's sale made an affidavit that no deed had ever been executed and delivered by the sheriff to him, and upon such affidavit procures an order of court requiring the execution of a deed by a successor of the sheriff who made the sale, and the judgment debtor testifies that after the sale he paid the amount of the decree to the plaintiff in the case—who was the purchaser at the sheriff's sale—and that the money was received by the plaintiff and purchaser as a full payment and satisfaction of the decree, it was *Held*, That the finding of the alleged deed among plaintiff's papers by their custodian eleven years after the alleged execution thereof, would not raise a conclusive pre-

sumption that the deed had been delivered by the sheriff to the purchaser, where the.action was between such purchaser and the subsequent grantors of the judgment debtors for the possession of the real estate.

ERROR to the district court for Lancaster county.    Tried below before MITCHELL, J.

*Ricketts & Wilson,* for plaintiffs in error.

*W. H. Snelling* and *Harwood, Ames & Kelly,* for defendant in error.

REESE, J.

This is an action in ejectment, and is before this court the second time; the former decision being reported at page 338, 17 Neb. Rep.   On the former trial in the district court and the proceedings in error in this court, the present plaintiffs in error relied upon a deed executed by the sheriff in a foreclosure proceeding, some eight years after the sale by his predecessor, and which deed was made in pursuance of an order of the district court, without notice to the judgment defendant.   On the latter trial and the present hearing they rely upon a deed executed by the sheriff who made the sale, and which we presume was made soon after the sale, but the abstract fails to give any information as to its date.   The documentary evidence introduced on the trial is not set out. in the abstract, either in form or substance, and our information as to the contents of the paper referred to is quite meager.

After the cause was reversed by this court, and before the last trial was had, defendant amended his answer, denying the delivery of the first deed by the sheriff, and pleading the statute of limitations.

It seems to be conceded that a decree of foreclosure was rendered in favor of Cox, Ballard & Kingman against McKesson, and that the property in question was sold by

the sheriff under an order of sale, and that the sale was confirmed and a deed ordered. It is also pretty clear that a deed was found among the papers of Ballard by the person in whose care they were left by him, after he had left the state. Mr. McClay testified that he was sheriff in 1874, that the deed appeared to have been executed by him, but that he had no distinct recollection about it. Mr. Owen, the custodian of Ballard's papers, testified that he found the deed among Ballard's old deeds in May, 1885, and that he thought it had been in his possession since March, 1877, —was satisfied of the fact. He also says that Ballard left his papers and accounts—including the decree against McKesson—with him, and that he demanded payment of the decree in 1877, and that McKesson promised to pay. Whether this demand and promise had reference to the whole decree, or to a deficiency after the sale of the property in dispute, we do not know.

McKesson testified that he had paid the decree in full, and that the date of payments extended from 1873 to April, 1875. That he paid the money direct to Ballard & Kingman, and depended upon them to apply it on the decree; that the decree proper was paid in the latter part of 1874, and the costs were collected by garnishee process in 1875, and that he left Nebraska in June, 1876.

The sheriff's deed was not placed upon record until 1885, if then, and in the meantime the property was conveyed by mesne conveyances from McKesson to defendant in error.

The principal questions of fact submitted to the jury appear to have been : was the decree of Cox, Kingman & Ballard against McKesson paid by him as he testified, and was the sheriff's deed ever delivered to Ballard by the sheriff? On both these propositions the jury evidently found in favor of defendant in error; and under the testimony as presented by the abstract, we cannot interfere with these findings.

It is insisted by plaintiff in error that a formal delivery

of a sheriff's deed is not necessary to pass title, as it is where the transaction is between individuals. This is no doubt true, but yet there must be the assent of the sheriff to the possession of the deed by the purchaser. Suppose a deed is written and signed by the sheriff and laid aside with a view of surrendering it upon a compliance with some unperformed condition precedent, it could not be held· that the purchaser was entitled to the deed until the performance of the condition on his part, such as the payment of costs or principal. The purchaser must comply with the requirements of the law and orders of the court, if any, before he is entitled to the deed. If he procures it wrongfully, without such compliance, and without the assent of the sheriff, it certainly would not convey title. Or, suppose after the preparation of the deed the sheriff should ascertain, to his own satisfaction, that the decree had been canceled by the payment and receipt of the full amount of principal, interest, and costs due thereon, it would be at least the proper thing for him to withhold the deed until the matter could be presented to the court and its order obtained. Yet no one could contend that the fact of the purchaser procuring the deed wrongfully and without the knowledge or consent of the sheriff would vest the title in him. Therefore the mere fact of the possession of the deed cannot be *conclusive* of its delivery and of title. The question of the delivery of the deed was one for the jury. Their finding, as we have said, must stand. There are many circumstances which tend to strengthen the claims of defendant in error, and which were proper for the jury to consider. Among these was the affidavit of Kingman, one of the plaintiffs in error, made in 1882, in the effort to procure the second deed, that no deed had been "made, executed, or delivered" by the sheriff up to that date. He may have been mistaken, but the whole case shows clearly that if either Ballard or Kingman had received the deed they either did not know it or had forgotten the fact.

If the decree was satisfied, it is not very material as to the deed, for there are no rights of innocent purchasers under the sheriff's deed intervening. The suit is instituted by those who claim as the grantees therein. If they had such deed they withheld it from record from the date of its execution until 1885, eleven years, during which time the judgment or decree would probably become dormant, and in which time the rights of defendant have become vested by purchase. Therefore the finding that the decree was satisfied must end plaintiff's case.

It is insisted that the district court erred in refusing to give certain instructions asked by plaintiff.

· The first instruction was as follows: "The jury are instructed that if you believe from the evidence that Kingman & Ballard actually had a sheriff's deed to the property in controversy, then it is wholly immaterial so far as their case is concerned, what affidavit they made and filed in the matter of obtaining a second deed, and you will, in that event, wholly disregard such affidavit." ·

This instruction was properly refused, for two reasons. 1st, Because it wholly disregards the manner in which the deed was obtained; and 2d, The court had instructed the jury on its own motion that if they found that the deed was delivered to plaintiffs before the decree was satisfied, if it had been satisfied, they should find for plaintiffs. This was enough. They could not have both the satisfaction money and the property.

Objection is also made to the action of the court in refusing to give the fourth and fifth instructions asked by plaintiffs; but as they are sufficiently stated in the fourth instruction given by the court on its own motion, they need not be further noticed.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.