JOHN YANOW ET AL. V. ELIZABETH SNELLING.

[FILED MARCH 23, 1892.]

1. **Review.** Evidence examined, and judgment *held* to be against the weight of evidence.

2. **Estoppel:** TAX SALE: REDEMPTION. In 1872 one M. and wife executed a mortgage upon certain lots in the city of Lincoln. This mortgage was foreclosed and the property purchased by an assignee of the mortagee. The sale was duly confirmed and a deed made to the purchaser. In 1883 the grantees in the deed paid all taxes due on the lot from 1871. In 1880 M. made a quitclaim deed of said lot to J. A. M., who afterwards conveyed to one G., who then conveyed to Mrs. S. In 1881 S. purchased the lots at private tax sale, and after the redemption from tax sale by the grantees under the sheriff's deed, accepted the money paid for the redemption of the lots. *Held,* That he was thereby estopped from claiming title to such lot as against such grantees and their assigns.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*Lamb, Ricketts & Wilson,* for plaintiffs in error, cited, on the question of estoppel: *Simplot v. Dubuque,* 49 Ia., 630; *Brewer v. Nash,* 17 Atl. Rep. [R. I.], 857; *Ellis v. Baker,* 19 N. E. Rep. [Ind.], 193; *Colton v. Rupert,* 27 N. W. Rep. [Mich.], 520; *Childs v. Gallagher,* 7 S. Rep. [Miss.], 208; *Scholey v. Rew,* 23 Wall. [U. S.], 351; *Wamsley v. Crook,* 3 Neb., 344; *McMurtry v. Brown,* 6 Id., 368; *Am. Emigrant Co. v. R. & L. Co.,* 52 Ia., 323; *State Bank v. Green,* 8 Neb., 298; *Berkley v. Lamb,* Id., 398; *Petersine v. Thomas,* 28 O. St., 596; *Jacobson v. Miller,* 41 Mich., 90.

*W. H. Snelling,* and *Harwood, Ames & Kelly, contra.*

MAXWELL, CH., J.

This action was brought in the court below by the defendant in error against the plaintiff in error to recover

the possession of lot 1 in block 3, in north Lincoln. On the trial of the cause the court found the issues in favor of the defendant in error and against the plaintiff in error and rendered judgment accordingly. The testimony tends to show that in May, 1872, J. W. McKesson and wife executed a mortgage to A. W. Cox upon the lot in question and others, to secure the sum of $450.50 with interest, due in four months; that there was a default in payment of said sum, and in April, 1873 a decree of foreclosure and sale for the sum of $376 was duly rendered; that afterwards an order of sale was issued and the property sold and purchased by Kingman & Ballard; that the sale was duly confirmed and a deed ordered. There is also testimony tending to show that a deed was actually made and delivered to Kingman & Ballard and such deed, dated in the year 1887, was found among their papers, left in charge of S. G. Owen, when those parties left the state. The testimony also shows that Cox was a partner of Kingman & Ballard in 1872, and that when he left that firm they succeeded to his rights in the premises. The plaintiffs in error claim through a regular chain of conveyances from Kingman & Ballard. The defendant in error claims title principally through a quitclaim deed made by McKesson and wife to J. A. Marshall in 1880 and through various conveyances to plaintiff.

The principal claim of the defendant in error is that McKesson had paid the decree and, therefore, that no title passed by the sheriff's deed. McKesson testifies that he had paid the amount due on the decree, but fails to show when or to whom, while both Ballard and Kingman testify in the same general way that no such payment was made. Mr. Owen also testifies that after the time McKesson claims to have paid the same that he admitted the indebtedness to him, and we think the clear weight of testimony tends to show that the amount due on the decree was not paid. It will be observed that there is consider-

able more testimony in this record than in *Kingman v. Appelgate,* 20 Neb., 605, and 17 Id., 339. In addition to this Kingman & Ballard in 1883 redeemed this and other lots and received a redemption certificate as follows:

"$48.73.        REDEMPTION CERTIFICATE.        No. 2533.

"THE STATE OF NEBRASKA, ⎫ ss.
   COUNTY OF LANCASTER.   ⎭

                    "COUNTY TREASURER'S OFFICE,
                        "LINCOLN, June 20, 1883.

"I, R. B. Graham, treasurer of said county, do hereby certify that Kingman & Ballard have this day paid me the sum of $48.73 in full for the redemption of the following described real estate in said county, the same having been sold on the 25th day of June, A. D. 1881, for the taxes levied for the year A. D. 1879, and for taxes of 1880, 1878, 1877, 1876, 1875, 1874, 1871, 1870.

"Description—North Lincoln, 1, 3, 4; section or lot, 5; town or block, 3.                R. B. GRAHAM,
                                "*Treasurer.*
                        "E. L. SAYRE."

It also appears that W. H. Snelling, who transacted all the business in the case for his wife, the defendant in error, had, previously to the date of said redemption, purchased these lots at tax sale, and that after Kingman & Ballard had paid the redemption money to the county treasurer he accepted the same, thus admitting their interest in the lots in question. The case is similar in many respects to that of *Strong v. Irwin,* 12 Neb., 446. In that case, after judgment in favor of the plaintiff, the court found the amount of taxes due to the defendant on the land, and the sum so found due was paid into court by the plaintiff for the defendant and accepted by him, and the court held that he was thereby estopped from questioning the judgment. The same doctrine had been announced in *Wamsley v. Crook,* 3 Neb., 352, and *McMurtry v. Brown,* 6 Id., 368. The same rule should prevail in the case at bar.

Yanow v. Snelling.

It is contended with much earnestness, on behalf of the defendant in error, that the redemption of the property in question was a mere voluntary act which gave the person paying the money no rights in the premises, and that the defendant in error, by accepting the money so paid, did not in any manner prejudice her rights. The right to redeem lands from tax sale can only be exercised by one claiming an interest in the land, and the acceptance of such redemption money is a practical admission that the party has such interest. If the defendant in error was the owner of the lot in question, then it was her duty to pay the taxes thereon, yet they were in default from 1870 with the exception of one year. The acceptance of the money, under the circumstances, was an admission that the defendant in error was not the owner of the lot.

Here were two persons claiming title under conveyances from McKesson. In the one case the title was derived through proceedings in the foreclosure of a mortgage and in the other by a quitclaim deed made by McKesson after the foreclosure proceedings had culminated in a deed. Now the person holding under the quitclaim accepts the amount paid by the ostensible owners of the land to redeem the same from tax sale. If the property was personal it would be an admission that the person paying the money had a superior right to the one accepting the same, and that rule may justly be applied to real property. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.