## Hagar et al. v. Hagar et al.

Jan. 10, 1939.

JOHN S. DEERING and HENRY S. McGUIRE for appellants.
W. H. MACKEY and ROBERT J. DENNY for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

William Hagar died about the year 1924, a citizen of Jessamine county, seized and possessed of two certain tracts of land containing 9 and 17½ acres respectively and also a ½ interest in a third tract of 9 acres, jointly owned by himself and wife, Joanna Hagar, which adjoined this individually owned 17½ acre tract on which were located the house and other improvements, where they resided and made their home.

It appears that when William Hagar died he left surviving him his widow, Joanna Hagar, and their six children, Bennie, Luther, Joseph, Baty and Cecil Hagar and Addie Hagar (Young). Also, that upon William Hagar's death, his widow, Joanna Hagar (who is now dead) continued to live on and occupy the adjoining 17½ acre and 9 acre tracts as her homestead up to the time of her death, occurring around 1935.

Following the death of the said Joanna Hagar, this suit was filed by Bennie Hagar and Baty Hagar, in his own right and as the administrator of the estate of Joanna Hagar, for the settlement, it is alleged, of the

estates of Joanna Hagar and William Hagar, her pre-deceased husband.

The petition alleges that Joanna Hagar did not leave sufficient personal property to satisfy her debts and the cost of administering her estate, and that it would be necessary to sell her undivided one-half interest in the property, therein described, for that purpose, and that these tracts would have to be sold as a whole, as the same could not be divided without materially impairing the land's value.

The petition concludes with the prayer that the matter be referred to the master commissioner, to advertise for and hear claims against the estate of Joanna Hagar; that same be fully settled and that all three of the tracts of land described in the petition be sold; and, after deducting costs and paying the debts against the estate of Joanna Hagar, that the remaining sale proceeds of all the three tracts of land be divided among the heirs as their respective interests might appear.

It was also stipulated in the later course of the suit that the plaintiff, Bennie Hagar, had acquired the interests of four of the six heirs, or all except that of the defendant, Cecil Hagar, in the estate, who had retained his 1/6 interest therein.

Cecil filed answer to the petition, denying the indivisibility of these tracts of land, described in the petition, without materially impairing the value of the several interests therein and further alleging that the two tracts, containing 17½ and 9 acres, "lie contiguous and are susceptible of division among the heirs without impairing their value or the value of anyone's share."

Proof was thereupon taken upon this issue, thus joined, which was about equiponderant for each side, in that some six witnesses testified in support of the claims of each. It also appears that each of the witnesses, when testifying, was asked to make sketches showing the relative location of the tracts of land, as serving to assist the court in passing upon the question at issue as to their divisibility, without material injury to the shares of the heirs therein.

After hearing this proof, the court found that the widow, Joanna Hagar, at the time of her death, was the owner of an undivided one-half interest in the 9 acre tract of land, described in the petition as adjoining the

17½ acre tract owned by William Hagar at the time of his death; that the land was divisible without material injury, and further adjudged that commissioners should be appointed to go upon the land and divide off the ½ interest in the 9 acre tract belonging jointly to the widow and Wm. Hagar, according to quality, quantity and value, and that same be held subject to any just claims against her estate, and that they, after appraising the value of the ½ interest of Joanna Hagar in the 9 acres, should divide the remaining ½ thereof, belonging to the estate of William Hagar, and his adjoining 17½ acres, according to quality, quantity and value, between the appellee, Cecil Hagar, and the appellant, Bennie Hagar, in proportion to their respective interests therein, or 1/6 to Cecil and 5/6 to Bennie Hagar.

The commissioners reported that they had appraised the said land and the improvements on the 17½ acres and that, after deducting therefrom the 4½ acres of said jointly owned 9 acre tract set off to the deceased, Joanna Hagar, the total value of the remaining property (representing the estate of William Hagar) was $904.10, the 1/6 part of which, amounting to $150.70, they had proceeded to set apart to the appellee, Cecil Hagar, by allotting to him, as described in the report, a tract containing 5 acres.

The court, upon hearing exceptions to this report of the commissioners, allowing to Cecil Hagar his 1/6 interest in the lands of William Hagar, overruled same and further adjudged that the report of the commissioners be approved and confirmed. The court also adjudged that if the estate of William Hagar should prove insufficient to pay the costs that might be adjudged against it in the proceeding, Cecil Hagar should pay 1/6 part of the balance of adjudged costs against the estate of William Hagar and that Bennie Hagar, the appellant, as owner of a 5/6 interest in his estate, should pay a 5/6 part thereof. The court further ordered that a proper deed should be made to the appellee, Cecil Hagar, for the tract of land allotted him by the commissioners.

The appellant, Bennie Hagar, has appealed, strongly insisting upon a reversal of this judgment.

To such end, he insists that the court erred in adjudging "that the estate of William Hagar was insuf-

ficient to pay the costs which might be adjudged against it," and in directing "that Cecil Hagar pay 1/6 of the balance of the adjudged costs against the estate of William Hagar which remains unpaid and that Bennie Hagar pay 5/6 thereof," and in directing that a deed for 5 acres of the deceased William Hagar's lands, be executed to the appellee, Cecil Hagar, by a special commissioner appointed by the court for that purpose.

He further contends that, inasmuch as this is a suit to settle the estates of both William and Joanna Hagar and asking the sale of the land, because of the insufficiency of the personal property to settle the debts of the estates, the question of its divisibility was not an issue in the case.

After a very careful consideration of the somewhat confused and tangled record and contentions made by appellant, we conclude that it is sufficient answer thereto to say, first, that the appellant in this suit has apparently erred in treating the three tracts of land, or at least two of them, as being jointly owned by Joanna and William Hagar, as it is apparent that the former owned no interest in two of the three tracts described in the petition, but a joint interest in but that one of the three tracts of land which adjoined the 17½ acre tract individually owned by William Hagar. Therefore, only such ½ interest in this one jointly owned tract was subject to the payment of the debts of her estate. It is neither alleged in the pleadings, nor shown by the proof, that any debts whatever were owing by William Hagar's estate.

Under such conditions, this suit must be treated, with respect to his estate, as one asking for partition of his land among his six heirs, which was made subject to such division among them by the death of their mother, who had apparently occupied the same after the death of her husband, William Hagar, as a homestead. Therefore, in this suit, treated as one brought to settle the Joanna Hagar estate, the court properly directed that her interest in the 9 acre tract should be set off from the ½ interest therein belonging to the estate of William Hagar and that William Hagar's ½ interest therein, together with his adjoining 17½ acre tract, should be allotted in kind and apportioned between the appellant and appellee, as heirs of William Hagar, according to their stipulated interests therein.

The court correctly adjudged, too (the suit being one for the partition of William Hagar's estate), upon its appearing that the appellee, Cecil Hagar, had a 1/6 interest in his intestate father's lands, that he was entitled, under section 494, subsection 7, Civil Code of Practice, to have the same allotted him and he was accordingly so awarded a 5 acre tract, out of his lands, as representing a 1/6 part of the value according to quantity and quality of the William Hagar land.

The law of this state favors a division of land in kind rather than a sale of land and division of the proceeds, and it is no objection to making a partition in kind that some of the co-tenants prefer a sale to a partition. See the cases of Owings v. Talbott, 262 Ky. 550, 90 S. W. (2d) 723, holding the provisions of section 494, subsection 7, Civil Code of Practice, to be mandatory, and Shaw's Guardian v. Grimes, 187 Ky. 250, 218 S. W. 447.

As to the appellant's next contention, that the court erroneously adjudged that "the estate of William Hagar was insufficient to pay the costs which might be adjudged against it," it may be said that a reading of the court's judgment shows that such contention is erroneous. The language of the court's judgment as to this must be considered in connection with its earlier order directing a sale of a part of William Hagar's land, as agreed by the parties, from which was realized $100, an asset of the estate of William Hagar, which the court directed paid out upon the costs of this suit, treated as one for partition among his heirs of his estate. Having such fact in mind, the court's judgment was, after adjudging that the remainder of the deceased William Hagar's property should be divided in the proportions stated between the appellant and appellee, that "if the estate of William Hagar is insufficient to pay the costs which may be adjudged against it herein, the said Cecil Hagar shall pay a one-sixth part of the balance of the adjudged cost against the estate of the said William Hagar, which may remain unpaid and the said Bennie Hagar the five-sixths thereof."

Clearly this ruling was appropriate, in that, William Hagar's estate being responsible for the costs incurred in the suit for its partition, the appellant and appellee, receiving his estate, should pay any part of the costs of the suit remaining unsatisfied after the appli-

cation thereupon of the $100 received from the sale of the 9 acre tract of his land.

Appellant's next objection is that the court erred in adjudging that a 1/6 part of William Hagar's land be conveyed by a special commissioner to the appellee, Cecil Hagar, in that it did not further adjudge that his 5/6 interest in the lands be also conveyed him.

This objection also we conceive is not tenable, in that, while the 5/6 interest in the land has been adjudged the appellant, he has not been deprived of same merely by reason of his not having moved the court that the commissioner be instructed to also convey such interest to him, upon like conditions as the interest of Cecil Hagar was conveyed him.

Further, the appellant is not in a position to complain of the fact he is by the court's rulings given only a lien against the ½ interest of the deceased, Joanna Hagar, in the 9 acre tract, rather than against all the lands of both her and William Hagar's estate, in that his claim of some $349, reported owing him by his mother's estate, was in no sense a debt against the William Hagar estate, but only against Joanna Hagar's estate and which is by the court's ruling left subject to its payment.

We are thus led to conclude that none of the objections urged by the appellant are tenable or meritorious and for such reason the lower court's judgment is affirmed.