# Conyers et al. v. Conyers et ux.

May 17, 1946.

J. A. Richards for appellants.

G. C. Ewing and Roger A. Byron for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

344

Before his death, Charlie Conyers owned a 52 acre tract of land jointly with Boone Conyers. Appellants, the wife and three children of Charlie Conyers, brought partition proceedings, which were resisted by appellees, Boone Conyers and wife, on the ground that the land could not be divided without materially impairing its value, or their interest therein.

The land involved is located between the Owingsville-Wyoming turnpike and Slate Creek. More particularly described it consists of 51½ acres divided into two parcels. One parcel includes 39 acres of "wet" land, commonly referred to in the record as an island, so named because it is bounded on the east by Slate Creek, as it now runs, and surrounded on the north, west, and south in a horseshoe bend, by the bed of Slate Creek as it formerly ran. This creek bed, or slough, as it is generally called, is 60 to 75 feet wide, usually very wet and soggy, and contains approximately 5½ acres. To the west of the island, across the slough, is a 7 acre tract of "white" land, upon which is located a six room frame house, a five bent tobacco barn, and the usual farm outbuildings. These buildings include all the improvements on the entire tract. The 7 acre parcel adjoins the turnpike. The only practical way of egress and ingress to the island appears to be by a bridge across the slough between the 7 acre tract and the island. Appellants now own 101 acres to the west across the turnpike. Appellees own the adjoining lands to the north of the island.

After much testimony, the lower court held that a fair partition could not be made, and ordered the land sold. Appellants prosecute this appeal, contending that (1) appellees did not produce sufficient testimony to meet the burden of proof placed upon them to show that the value of the land, or their interest therein, would be materially impaired, and (2) the reason given by the lower court in denying the partition, namely, because of unusual physical conditions, was not sustained by the proof.

Some 12 witnesses testified on behalf of appellees, nine of whom stated that a division would impair its value, while 17 testified on behalf of appellants that it could be divided. The knowledge of the witnesses on both sides ranged from casual observers to former tenants. Their various estimates place the value of the land, with improvements, from $200 to $400 an acre, and

as low as $160 an acre if divided. The estimates of the value of the improvements alone vary from $1,500 to $4,000. The majority of those who say that it can be divided believe the dividing line should be run east and west, while others say it should be run north and south. All but one say that they themselves either would not want to divide it or feel incompetent to do so. It is undisputed that the land was formerly occupied and used as one farm, and it appears to have all the requisites that go to make up a usable and workable farm.

We are of the opinion that the preponderant weight of testimony concludes that a fair division would be difficult. It appears that the 7 acre tract could not be split wisely, but necessarily would be apportioned to one of the parts. This tract includes all the improvements, adjoins the highway, and provides the only access to the island. Should a division be ordered, this tract would be allotted to appellants because it joins their land. On the other hand, the remaining half would be part of an island, containing the greater portion of the poor land, with no practical access, and because of the frequency of being flooded during part of the year, it would afford no suitable location for a house and other farm buildings. This would be detrimental to its value as an independent tract. Although its value to appellees would be increased because of its proximity to their other land, such fact cannot be taken into consideration. Kirk et al. v. Crutcher's Adm'rs et al., 145 Ky. 52, 139 S. W. 1076. Some improvements such as bridges, roadways, etc., would be required in order to make appellees' one-half a usable farm. They are not required to accept a division under these circumstances. Rodes Judicial Sales of Real Property, Chapter 6, page 97, and cases cited therein.

Appellants' proof seems to establish that it can be divided into two parcels equal in quantity, quality, and value. This, however, is not the test. Subsection 7 of Section 494 of the Civil Code of Practice, requires a division if such division and sale can be made without materially impairing the value of the property, or the plaintiff's (the party desiring the sale) interest therein. Even though it is possible to divide the land into two parcels, equal in quantity, quality, and value, yet if such division materially impairs the value as a whole, the value of each of the equal parts is necessarily decreased pro-

portionately. In other words, if the two litigants owned jointly a cow worth $200, they may kill and divide the cow so that each has an equal part, but if the part allotted to each was worth only $50, the value of the cow as a whole has been impaired. Such seems to be the case in this litigation.

Appellants also enter proof to show that it is possible to arrive at the present value of the farm, and then divide it so that appellees will be given sufficient acreage in the island at its value per acre as divided, to amount to one-half of its present value. We do not believe that appellees have to accept such division if they have proved, as the Code requires, that a division would materially impair the value of the property.

While we agree that the law favors a division in kind (Hagar et al. v. Hagar et al., 276 Ky. 286, 124 S. W. 2d 45, and cases cited therein), and that the burden of proof establishing impairment of value by partition is upon him resisting the division (Talbott et al. v. Campbell et al., 23 Ky. Law Rep. 2198, 67 S. W. 53; Cherry et al. v. Cherry et al., 162 Ky. 245, 172 S. W. 505), we are of the opinion that the appellees sufficiently fulfilled this duty.

The opinions of the various witnesses were given after stating their reasons therefor, based on their familiarity with the land. We think the trial judge properly evaluated this testimony, and further conclude there is sufficient proof to uphold his decision. This conclusion is strengthened by his well-considered and helpful opinion.

Judgment affirmed.