**William R. TRAYNOR, Appellant,**

v.

**Robert R. TRAYNOR, Appellee.**

Court of Appeals of Kentucky.

March 4, 1960.

Rehearing Denied April 29, 1960.

John S. Deering, Nicholasville, for appellant.

B. T. Moynahan, Jr., Nicholasville, for appellee.

STANLEY, Commissioner.

The judgment is that a tract of 102 acres, jointly owned by and in possession of Robert and William R. Traynor, brothers, cannot be divided between them without materially impairing its value or the value of the interest of the plaintiff in the action, Robert Traynor. KRS 389.020(1)· (b).

Title to the property was acquired from the executors of the will of the parties' uncle, and in their deed the tract was described as two parcels, one containing 47 acres and the other 55 acres. They are referred to as No. 1 and No. 2, respectively. They are of equal fertility and have been used jointly as one tract, principally as pasture. There are no improvements on the land. Both parcels abut Clays Mill Road on

the west, but this county road has been abandoned and so grown up with brush and trees as to be impassable beyond the southern boundary of tract No. 1, so that the only access to No. 2 is through No. 1. There is a small pond on No. 1, and a wet weather drain passes through No. 1 and thence through No. 2. It is evident that there is no substantial water supply on No. 2.

A division in kind of jointly owned land is favored in the law, rather than a sale in gross and a division of the proceeds. Accordingly, the plaintiff, who desired a sale because of indivisibility of the tract, properly assumed the burden of proving that partition would materially impair the value of the property or his interest therein. Owings v. Talbott, 262 Ky. 550, 90 S.W.2d 723; Conyers v. Conyers, 302 Ky. 343, 194 S.W.2d 660. Principally because of the conditions above described, several witnesses expressed the view of indivisibility. On the other side, the defendant introduced witnesses who expressed the view that the tract could easily be divided into two parts; that there is little or no water supply on either No. 1 or No. 2; and that the old county road could be opened up so as to give access to the southern part of the tract, that is, parcel No. 2, at a cost of $200 or $300. On the contrary, there was evidence the cost would be prohibitive.

The trial court viewed the property in company with the attorneys in the case and found as a fact that the tract was indivisible within the terms of the statute and adjudged a sale and division of the proceeds.

The strongest argument of divisibility is the fact that the parties' uncle had purchased the tract in two parcels from different persons, apparently a number of years ago, so that the tract was at one time divided, hence, could be divided again. From the description of the abandoned part of the old county road, it is apparent that conditions materially changed before or since the uncle acquired ownership. The tract has been used as a unit for years.

Upon a full review of the evidence, we are of opinion that the finding of fact of the trial judge should be sustained. CR 52.01.

Judgment affirmed.