PATRICK PHILLIPS, APPELLANT, IMPLEADED WITH HELEN PHILLIPS, APPELLEE, V. WILLIAM H. PHILLIPS ET AL., APPELLEES.

104 N. W. 2d 52

Filed July 8, 1960. No. 34776.

*Paul Rhodes,* for appellant.

*Robert J. Bulger* and *Wm. W. Graham,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Morrill County. It involves an action commenced in that court by Patrick Phillips and his wife to partition mineral interests, including oil, gas, and hydrocarbons, in certain real estate located in Morrill County, Nebraska. Such actions are authorized by section 25-2170.01, R. R. S. 1943, and are governed by the general statutes relating to partition actions.

The court rendered a judgment in which it determined the interests of the parties to the partition action in and to the mineral interests involved and quieted and confirmed such interests accordingly and ordered partition thereof. No appeal was taken therefrom to this court and no complaint is here made that such interests were not correctly determined and that partition thereof is not proper. The court then appointed James L. Macken, a member in good standing of the legal profession, referee to partition such mineral interests. Patrick Phillips objected to the appointment of James L. Macken to serve as referee and, after his appointment, moved that his appointment be set aside and that a fair and impartial referee be appointed. The reasons given for his objections to the appointment and for his motion to vacate the appointment are hereinafter set forth and discussed. This motion the trial court overruled.

The referee made and filed his report wherein he stated: "That your Referee finds that the only properties here for division are mineral interests located in

an area where there has been only limited drilling and exploration for oil, gas or minerals, where there has been no production of oil, gas or minerals; that the mineral value as to the land here involved, has not been determined and is at this time highly speculative; that there is no ascertainable difference in value between the mineral interest in one portion of this real estate and the value of the mineral interest in any other portion of this real estate; that said premises are presently not subject to oil and gas lease; * * *." Based thereon, he recommended to the court: "* * * that partition of the mineral interests in the real estate herein be made in kind according to the recommendations embodied in this report," setting out in full his recommendations in that respect.

Patrick Phillips objected to the report of the referee, primarily on the ground: "That the said proposed division in kind constitutes a checker boarding of the acreage, making a mineral lease and development almost impossible." The trial court overruled these objections, confirmed the report of the referee, and ordered a division in kind as recommended by the referee, which is as follows:

"IT IS FURTHER ORDERED that as to the following real estate, to-wit: Section Thirteen (13), Township Nineteen (19) North, Range Forty-seven (47), West of the 6th P. M., Morrill County, Nebraska, that said real estate be divided into eight tracts of eighty acres each and that Patrick Phillips, Charles O. Phillips, whose correct name is Charles R. Phillips, Hazel Passmore and Mary Caraway, be each assigned by lot, the mineral interest, including oil, gas and hydrocarbons in or under the particular eighty acre tract assigned to them or that may be produced therefrom for a term expiring April 29, 1982, and in the event there is production of oil, gas or hydrocarbons from said real estate prior to said date, for as long thereafter as such production continues; and that the mineral interests in the remainder of said

real estate be assigned to the defendant, William H. Phillips, together with the reversion upon the expiration of the term mineral interests above specified; that the interest of the said William H. Phillips shall be subject to mortgage to the Federal Land Bank and that the interests of Patrick Phillips, Charles O. Phillips, Hazel Passmore and Mary Caraway, in minerals shall be free and clear of the lien and obligation of the mortgage of the Federal Land Bank.

"IT IS FURTHER ORDERED as to the following described real estate, to-wit: Section Thirty-two (32), Township Nineteen (19) North, Range Forty-six (46), West of the 6th P. M., Morrill County, Nebraska, that said real estate be divided into eight tracts of eighty acres each; that Charles R. Phillips, Hazel Passmore and Mary Caraway be each assigned by lot, the mineral interest, including oil, gas and hydrocarbons in or under the particular eighty acre tract assigned to them or that may be produced therefrom for a term expiring April 29, 1982, and in the event there is production of oil, gas or hydrocarbons from said real estate prior to said date, for as long thereafter as such production continues; that the balance of the mineral interest in said real estate be assigned to Patrick Phillips, together with the right of reversion upon the expiration of such term interests of Charles R. Phillips, Hazel Passmore and Mary Caraway.

"IT IS FURTHER ORDERED that as to the following described real estate, to-wit: Lots Three (3) and Four (4), and the East Half of the Southwest Quarter (E½ SW¼) of Section Thirty (30); Lots One (1) and Two (2), and the East Half of the Northwest Quarter (E½NW¼) and the Northeast Quarter (NE¼) of Section Thirty-one (31), all in Township Nineteen (19) North, Range Forty-six (46), West of the 6th P. M., Morrill County, Nebraska, that said real estate be divided into tracts as follows, to-wit:

Tract 1: Lots Three (3) and Four (4), Section Thirty (30).

Tract 2: The East Half of the Southwest Quarter (E½SW¼) of Section Thirty (30).

Tract 3: Lots One (1) and Two (2) of Section Thirty-one (31).

Tract 4: The East Half of the Northwest Quarter (E½NW¼) of Section Thirty-one (31).

Tract 5: The West Half of the Northeast Quarter (W½NE¼) of Section Thirty-one (31).

Tract 6: The East Half of the Northeast Quarter (E½NE¼) of Section Thirty-one (31); that all of the oil, gas and mineral interest in one of said tracts be assigned by lot in perpetuity to Hazel Passmore; that the oil, gas and mineral interest in perpetuity in sixty acres out of one of such tracts be assigned by lot to Charles R. Phillips; and that all of the mineral interest in sixty acres, including oil, gas or hydrocarbons in or under or that may be produced therefrom for a term expiring April 29, 1982, and in the event there is production of oil, gas or hydrocarbons from said real estate prior to such date for as long thereafter as such production continues, be assigned by lot to Mary Caraway; that the mineral interest in the balance of said real estate be assigned to the plaintiff, Patrick Phillips, together with the right of reversion upon the expiration of the term interest of the defendant, Mary Caraway; the interest of Patrick Phillips to be subject to mortgage to the Federal Land Bank of Omaha, and the interests of the other parties above set forth to be free and clear of mortgage to the Federal Land Bank of Omaha.

"IT IS FURTHER ORDERED that upon determination by lot of the exact tracts to be received by the respective parties, that the Referee be, and he hereby is, ordered to execute conveyances to each of the parties of their respective interests in minerals, oil and gas as above set forth."

Patrick Phillips has appealed from the rendition of the foregoing decree of partition in kind as rendered by the trial court.

Appellant raises two questions on appeal. The first, was James L. Macken biased and prejudiced in any manner so that he could not serve as a fair and impartial referee in this partition action and, if so, was it error for the trial court to appoint him to act in that capacity?

A referee in partition is an officer of the court. Knouse v. Knouse, 157 Neb. 748, 61 N. W. 2d 388. Ordinarily a court should not appoint someone to act as referee in a matter who is either biased or prejudiced against any party to the action who has an interest therein. Objections to the appointment of anyone to act as referee, on the ground of his being biased or prejudiced, are addressed to the sound discretion of the court making the appointment and the overruling thereof will not be set aside unless the record affirmatively shows that such discretion has been abused.

As a basis for his contention appellant, in support of his motion to vacate the appointment, stated: "That James L. Macken is an attorney in a case in the District Court of Morrill County, Nebraska, in which Paul Rhodes is plaintiff and Ernest W. Taylor and Evelyn Taylor are defendants; that he is attorney for the defendants in said action and is personally appearing against this plaintiff's attorney in said action, which causes bitter and ill feeling and for that reason makes it impossible for the said James L. Macken to be a fair and impartial referee in this action, * * *."

Paul Rhodes is counsel for appellant in this action. The record shows that Rhodes brought an action in his own behalf in the county court of Morrill County against Ernest W. Taylor and Evelyn Taylor; that James L. Macken represented the defendants therein; that James L. Macken filed an affidavit in that action seeking to prevent Rhodes from taking the deposition of certain persons named therein for the reason, as therein set

forth, "* * * that in attempting to take the depositions of said persons ostensibly for this case, plaintiff is merely using this case as an instrument, his real purpose being to further his interests in certain other potential litigation not remotely connected with this case; that the taking of these depositions would result in grave injustice to defendants in that they or their counsel must appear at the taking of the depositions to protect defendants, resulting in substantial expenditure of money because of the great distance involved, and for no good reason in view of the irrelevancy of the proposed depositions; * * *." It would appear, from the deposition of Evelyn Taylor, that the foregoing litigation, which is now apparently pending in the district court for Morrill County on appeal, relates to a right the Taylors claim to keep certain money now in their possession which they seek to hold for services rendered to Rhodes for operating a drug store for him and which money Rhodes is seeking to recover from them. This litigation has no relation to this action and the parties involved herein.

Unfortunately it appears that Rhodes has become embittered toward Macken because he, Macken, represented clients opposed to Rhodes in the litigation hereinbefore referred to but there is no showing that Macken reacted in the same manner. Ordinarily members of the legal profession do not let the fact that they represent opposing interests in contested litigation affect their personal relations for often the same lawyers may represent opposing interests in one case and be associated together in another. That is the proper relationship that should arise therefrom. There is absolutely no showing in this case that Macken was in any way biased or prejudiced against either Rhodes or any of the parties to this action. The trial court, therefore, did not abuse its discretion when it appointed Macken to act as referee.

We come then to the second question raised by ap-

pellant which is, was it proper, under the circumstances here shown, for the trial court to order a partition in kind in the manner that it did?

Section 25-2181, R. R. S. 1943, provides: "If it appears to the referee or referees that partition cannot be made without great prejudice to the owners, they shall so report to the court."

"As between a partition in kind or sale of land for division, courts will favor partition in kind, since it does not disturb the existing form of inheritance or compel a person to sell his property against his will." Trowbridge v. Donner, 152 Neb. 206, 40 N. W. 2d 655. Therein we went on to say: "It is pertinent, also, that a sale in partition cannot be decreed merely to advance the interests of one of the owners, but that before ordering a sale the court must judicially ascertain that the interests of all will be promoted, thereby bearing in mind that the 'generally accepted test of whether a partition in kind would result in great prejudice to the owners is whether the value of the share of each in case of a partition would be materially less than his share of the money equivalent that could probably be obtained for the whole.' 40 Am. Jur., Partition, § 83, p. 74."

"Generally, the burden is on those who seek a sale of the property in lieu of partition in kind, to establish by a preponderance of the evidence the existence of a statutory ground for such sale." Trowbridge v. Donner, *supra*.

The evidence shows there has never been any production of gas, oil, or hydrocarbons on the 1,760 acres of land herein involved. In fact, there has never been any exploratory drilling on it and the only holes drilled near it, which are some miles away, were all dry. The nearest production is 16 miles away. It is not now under any oil or gas lease. In view of these facts it is referred to as a wildcat area. It does, however, have some mineral potential but the extent thereof is unknown

and highly speculative. This potential is, at present, the same for the entire area although, if developed, some tracts may become more productive than others.

Dividing the mineral rights into smaller units or tracts will undoubtedly affect the possible leasing and development of this area adversely. However, the evidence also shows that it is very doubtful if a lease to explore and develop this area for gas and oil could presently be secured even if the entire tract of 1,760 acres was covered thereby because the mineral interests therein are of such doubtful value. Whether the mineral interests therein could or could not be sold at this time is also very speculative because of the foregoing. If, on the other hand, production should hit this area these mineral rights would become very valuable. In such circumstances the evidence discloses there would be no trouble leasing 80-acre tracts. To force a sale of these mineral rights at this time would be of little, if any, value to the present owners thereof whereas, if each can retain an interest therein by division in kind, he may reap a rich reward therefrom. Under these circumstances we think the trial court was correct in doing what it did.

AFFIRMED.