**SEARS, ROEBUCK & CO., Plaintiff–Appellee/Cross–Appellant,**

**v.**

**Robert M. SIEREN, Chairman, Ken W. Johnston, Joseph R. Bush, Wayne J. Doolittle and Ralph C. West, as Members of the Board of Review of the City of Davenport, Iowa, Defendant–Appellant/Cross–Appellee.**

**No. 91–729.**

Court of Appeals of Iowa.

March 24, 1992.

John R. Martin, City of Davenport Corp. Counsel, for defendant-appellant/cross-appellee.

Edward N. Wehr of Wehr, Berger, Lane & Stevens, Davenport; and Robert M. Sarnoff and Michael F. Baccash of Sarnoff & Baccash, Chicago, Ill., for plaintiff-appellee/cross-appellant.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

OXBERGER, Chief Judge.

Sears, Roebuck & Co. (Sears), owns a department store at the Northpark Mall in Davenport. In 1989 and 1990, the Davenport city assessor valued the department

store, for property tax purposes, at $5,471,-820. The Davenport Board of Review (the Board), upheld that valuation figure.

Sears then filed the present district court action to challenge the decision of the Board. Following a hearing, the district court reduced the 1989 and 1990 assessment valuation to $4,000,000.

The Board has appealed from the district court's ruling. The Board contends the evidence supports a value of at least $5,000,000 for the Sears store.

Sears has cross-appealed. It contends the evidence supports a value of only $3,400,000. It argues the 1989 and 1990 assessments should be reduced accordingly. In the alternative, it argues that the district court's valuation of $4,000,000 should be upheld.

*Scope of Review:* Iowa Code section 441.39 (1991). provides in part:

> The court shall hear the appeal in equity and determine anew all questions arising before the board which relate to the liability of the property to assessment or the amount thereof. The court shall consider all of the evidence and there shall be no presumption as to the correctness of the valuation of assessment appealed from.

We, therefore, review tax assessment cases de novo. Iowa R.App.P. 4. We give weight to the fact-findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7). An appealing party's attack on an assessment confirmed by the board of review is a two-stage process. *Heritage Cablevision v. Bd. of Review*, 457 N.W.2d 594, 598 (Iowa 1990). In the first stage, the party challenging the assessment is required to show the board of review's valuation is excessive, inadequate, inequitable, or capricious. *Id.* (citing, *Richards v. Hardin County Bd. of Review*, 393 N.W.2d 148, 151 (Iowa 1986); *Wunschel v. Board of Review*, 217 N.W.2d 576, 578 (Iowa 1974). In the second stage, that party must establish what the correct valuation should be. *Id.*

Although the burden of proof is initially on the taxpayer, when the taxpayer offers competent evidence by at least two disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or person seeking to uphold such valuation to be assessed. Iowa Code § 441.21(3) (1991).; *Ross v. Board of Review of the City of Iowa City*, 417 N.W.2d 462, 464 (Iowa 1988). The court may increase, decrease, or affirm the amount of the assessment appealed from. Iowa Code § 441.43 (1991).

*Appraisal Value:* We consider whether the trial court was correct in reducing the assessment made by the city assessor to a total assessed value of $4,000,000. In the present case, Sears and the Board presented evidence from professional appraisers and stipulated to their qualifications as experts. Sears provided three appraisers and the Board relied upon one appraiser. The appraisers were diametrically opposed in their selection of comparable sale properties. Substantial evidence was presented by all appraisers which provided evaluations of value based upon market, income, and cost approaches to value.

The trial court, upon careful review of the record noted:

> The variable utilized in the methodology as applied, selection of comparable sales, adjustments to value, and approach relied upon by all appraisers, simply reaffirms the principle that appraisal is not an exact science, is a subjective determination, and in final form, the exercise of professional judgment by highly qualified and skilled individuals who disagree.

We agree with the trial court's statement. The heart of most assessment cases is the evidence of experts applying, at best, their professional judgments within a context of variables which can in no definite way be objectively conclusive. In the present case, the trial judge had the opportunity to evaluate the credibility of the experts. The Board argues that questions can be raised regarding the "competence"

and "disinterested" factors for Sears' experts. We note, however, the Board's stipulation to the qualification of these witnesses as experts in the field. We find the Board's suggestion that Sears' experts had an inappropriate "interest" in the outcome of the litigation is without merit and not supported in the record.

The trial court concluded, from all the credible evidence submitted, the comparable sales-market data approach to valuation as supported by other comparative market data allowed it to sustain a fair market value of Sears of $4,000,000. The Board concedes that Sears has presented appraisals from at least two witnesses sufficient to shift the burden of proof upon it that the Board's valuation should be upheld. We find the Board has not met its burden. Likewise, we find no basis from which to accept Sears' suggestion the assessed value by the court should be lowered. We, therefore, do not disturb the trial court's determination on appeal.

Costs are taxed to the appellant.

AFFIRMED.