CITY OF WATERLOO, Iowa, Appellant,

v.

BLACK HAWK MUTUAL INSURANCE ASSOCIATION, Appellee.

No. 98–0408.

Supreme Court of Iowa.

March 22, 2000.

Darrell G. Meyer, Special Assistant City Attorney, and San–Ki Han, Assistant City Attorney, Waterloo, for appellant.

Steven J. Pace and Diane Kutzko of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee.

LARSON, Justice.

The City of Waterloo has appealed a declaratory judgment by the district court finding that Black Hawk Mutual Insurance Association (Black Hawk), which had insured a house in the City of Waterloo, was not subject to the demolition-reserve requirements of Iowa Code section 515.150 (1993). We affirm.

## I. *Facts and Prior Proceedings.*

Kerry and Christine Corcoran owned a rental house in Waterloo that was damaged by fire in July 1994. Black Hawk was the fire insurer. In June 1995 the Corcorans entered into a settlement with Black Hawk under which Black Hawk paid them $15,750. In October 1995 the city sent a letter to Black Hawk requesting it to provide a demolition reserve on the loss as required by Iowa Code section 515.150. Black Hawk declined, claiming as an Iowa Code chapter 518 mutual association it was not subject to the demolition-reserve requirements of section 515.150.

The city brought this declaratory-judgment action to resolve the issue. The parties agreed to a stipulation of facts and agreed to limit the record to those facts. Despite that agreement, the city submitted a trial brief to which was attached a letter that had not been included in the stipulation. In response, Black Hawk filed a motion to strike the entire trial brief. The district court stated orally at the declaratory-judgment hearing that it would not consider the letter because it was outside the stipulation.

In the court's written ruling, it held that Black Hawk is not subject to the demolition-reserve requirements of section 515.150. The city filed a motion for clarification under Iowa Rule of Civil Procedure 179(b). The court ruled on the motion but did not grant the city the relief it requested. The city appealed.

## II. *The Jurisdictional Issue.*

■ Black Hawk moved to dismiss the appeal on the ground it was not timely, and we ordered the motion to be submitted with the appeal. The city resists the motion to dismiss, claiming the appeal was timely because it was taken within thirty days of the court's ruling on the city's motion to enlarge findings under rule 179(b). *See Tenney v. Atlantic Assocs.,* 594 N.W.2d 11, 13 (Iowa 1999) (179(b) motion extends time for appeal). Black Hawk rejoins that the motion was not a proper 179(b) motion because it was not based on fact-findings by the court. (If so, it would be ineffective to extend the time for appeal. *See Tenney,* 594 N.W.2d at 14.)

These are the facts underlying the 179(b) motion: When the "tainted" letter was attached to Black Hawk's trial brief, the city moved to strike the entire brief, not just the offending letter. Its motion to strike said "[t]he entire ... brief is tainted and should not be considered by the Court in any way as it is impossible to consider [any portion] of the brief independent of the tainted portion." The court did not file a separate ruling on the motion to strike, but its final decision stated it "has not given consideration to any portion of the city's reply brief *which is premised upon or addresses the content of [the letter].*" (Emphasis added.) This language in the court's ruling apparently left the city in some doubt about whether the court had disregarded more of its brief than just

the offending letter. It filed a 179(b) motion, stating:

1. This court stated in the above referenced decision that "In deciding the petition for declaratory judgment the court has not given any consideration to exhibit A attached to the city's reply brief and has not given consideration to any portion of the city's reply brief which is premised upon or addresses the content of [the letter]."

2. Plaintiff seeks clarification as to what specific portions of its Reply Brief were "stricken" or improper, or were considered to be premised upon or addressed the content of [the letter].

Black Hawk contends this was not a proper motion under rule 179(b) because it did not ask the court to reexamine the facts; rather, it only made a procedural inquiry as to what parts of the city's brief had been disregarded.

Although the motion was not clear, we believe it at least minimally complied with rule 179(b); it attempted to alert the court to the facts set out in the city's brief that might not have been considered by the court if, as the city suspected, the court had disregarded all evidence "premised upon or address[ing] the content" of the letter. *Cf. Tenney*, 594 N.W.2d at 14 (motion pointing out evidence in record possibly overlooked by court and asking court to modify judgment in view of the evidence held proper use of rule 179(b)).

We conclude the motion was a proper use of rule 179(b), and the appeal from the ruling on that motion was therefore timely. *See Tenney*, 594 N.W.2d at 13.

### III. *The Statutory–Interpretation Issue.*

Iowa Code section 515.150(1), the statute in question, provides:

An insurer shall reserve ten thousand dollars or ten percent, whichever amount is greater, of the payment for damages to the property excluding personal property on which the insurer has issued a fire and casualty insurance policy as demolition cost reserve if the following are applicable:

a. The property is located within the corporate limits of a city.

The issue of whether Iowa Code section 515.150 applies outside of chapter 515 has never been decided. The city argues for a melding of section 515.150 into chapter 518 because, according to it, it makes good policy sense. Black Hawk responds it cannot be done if the legislature did not intend it.

We begin with the observation that neither chapter 515 nor chapter 518 suggests that any of their provisions are interchangeable. Chapter 515 is broad in scope, covering all corporations formed for the purpose of providing insurance other than life insurance. Iowa Code § 515.1. Chapter 515 is a much older chapter, first appearing in the 1873 Code, while chapter 518 was first enacted in 1965. *See* 1965 Iowa Acts ch. 401. Associations under chapter 518 have a more restricted scope of authority. Under section 518.11, they are authorized to insure only against loss or damage by (1) any perils "resulting in physical loss or damage to property," (2) theft of personal property, and (3) "[i]njury, sickness or death of animals and the furnishing of veterinary services." These associations are not authorized to write liability insurance. Also, under chapter 518, the properties that may be insured are limited to (1) farm properties including residences and other buildings; (2) buildings used in agricultural processing; (3) city residences; and (4) churches, schools, and community buildings. Iowa Code § 518.12.

Just as the types of insurance and property covered by chapter 518 associations are more abbreviated, so is the scope of the statutory provisions themselves. Approximately seventy sections under chapter 515 have no equivalent provisions under chapter 518. If we were to accept the city's argument that we should read section 515.150 into chapter 518 because it

would be good public policy, the same argument could be made to adopt other provisions from chapter 515. For example, section 515.138 provides a standardized policy form and provides for permissible variations from it; chapter 518 has no similar provision. It might be argued that, from a policy standpoint, such a provision should be engrafted on chapter 518. However, transplanting provisions of chapter 515 into chapter 518 would blur the distinctions between two separate chapters without any indication from the legislature that this was intended.

When Iowa Code section 515.150 was adopted in 1988, both chapters 515 and 518 were in existence. Yet, the legislature added the demolition-reserve provision only to chapter 515. *See* 1988 Iowa Acts ch. 1176, § 1. If the legislature had intended to apply the demolition-reserve requirement to county mutuals under chapter 518, we believe it would have added a similar provision to that chapter.

Iowa Code section 518.11 lends further support to Black Hawk's claim that chapter 518 should not be read to include the demolition provision of section 515.150. Section 518.11 provides in part:

> Such contracts of insurance [by county mutuals] *shall be subject only to such provisions as are contained in this chapter* and shall consist of:
>
> An application on blanks furnished by the association and signed by the insured or the insured's representatives;
>
> A policy issued by the association in accordance with its rules, and approved by the commissioner of insurance.

(Emphasis added.)

The stipulation of facts submitted by the parties included a letter from the insurance division of the Iowa Department of Commerce. This letter expressed the view that, based on a memorandum of intent provided by the legislature and accompanying the bill creating chapter 518, "[i]t was not the intent of the Iowa General Assembly to impose regulations other than those explicitly noted in chapter 518 upon county mutual associations." Under our rules of interpretation, we may consider administrative construction of a statute. Iowa Code § 4.6(6); *In re G.J.A.*, 547 N.W.2d 3, 6 (Iowa 1996).

For the reasons discussed, we hold we have jurisdiction of the appeal and that the district court correctly ruled that Black Hawk is not subject to the demolition-reserve provisions of Iowa Code section 515.150. Accordingly, we affirm.

**AFFIRMED.**

All justices concur except CARTER, J., who takes no part.