CLERK OF SUPREME COURT

SEP 14, 2016

ELECTRONICALLY FILED

# IN THE COURT OF APPEALS OF IOWA

No. 15-0011
Filed September 14, 2016

**BERNARD J. WIHLM and**
**PATRICIA M. BALEK,**
        Plaintiffs-Appellees,

**vs.**

**SHIRLEY A. CAMPBELL, individually,**
**And as executor of the ESTATE OF**
**JOHN JOSEPH WIHLM, and as trustee**
**of the JOHN JOSEPH WIHLM REVOCABLE**
**TRUST dated April 2, 2012, and PARTIES**
**IN POSSESSION,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, DeDra L.

Schroeder, Judge.


        Defendant appeals from an order partitioning by sale certain inherited

properties.  **REVERSED AND REMANDED.**


        Michael G. Byrne of Winston & Byrne, P.C., Mason City, for appellant.

        Collin M. Davison of Heiny, McManigal, Duffy, Stambaugh & Anderson,

P.L.C., Mason City, for appellees.


        Heard by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

This case arises out of a dispute between three siblings regarding the disposition of several parcels of land—totaling approximately 300 acres—they inherited as tenants in common upon their father's death. The land at issue is divided into several parcels, including a 60-acre parcel and a 160-acre parcel, both in Cerro Gordo County, and two 40-acre parcels, both in Franklin County. Two of the siblings, Bernard Wihlm and Patricia Balek, brought partition actions in Cerro Gordo and Franklin Counties. Wihlm and Balek sought to partition the properties by sale and divide the proceeds. The third sibling, Shirley Campbell, requested an in-kind division, at least with respect to her share. She requested she be awarded approximately 79 acres, including a multi-generational family homestead. The partition actions were consolidated for trial in Cerro Gordo County, and the district court ordered the property to be sold with the proceeds to be divided equally. The district court entered its partition order on November 7, 2014. Campbell filed a motion to enlarge and amend pursuant to Iowa Rule of Civil Procedure 1.904(2) on November 21. The district court denied the motion to enlarge and amend, and Campbell filed her notice of appeal within thirty days of that order.

Before addressing the merits of the parties' claims, we first address our jurisdiction over the appeal. Generally, notice of appeal must be filed within thirty days after the filing of a final order or judgment. *See* Iowa R. App. P. 6.101(1)(b). "However, if a motion is timely filed under Iowa [Rule of Civil Procedure] 1.904(2) . . . the notice of appeal must be filed within 30 days after the filing of the ruling

on such motion." *Id.* This tolling period applies only where the motion is both timely and proper. *See Harrington v. State*, 659 N.W.2d 509, 513 (Iowa 2003) ("If the rule 1.904(2) motion is not timely filed, however, it will not toll the thirty-day time period for filing a notice of appeal."); *Bellach v. IMT Ins. Co.*, 573 N.W.2d 903, 904–05 (Iowa 1998) (stating that an improper motion will not toll the time period to file an appeal). To be timely, a Rule 1.904(2) motion must be filed "within fifteen days after filing of the verdict, report or decision." Iowa R. Civ. P. 1.1007.

Wihlm and Balek contend this court lacks jurisdiction because Campbell's Rule 1.904(2) motion was neither timely nor proper. Wihlm and Balek first contend the appeal was untimely because Campbell did not file her brief in support of her motion to enlarge and amend within fifteen days of the partition order. Rule 1.1007 requires only that the motion be filed within fifteen days. The rule does not address briefing. Here, Campbell filed her motion fourteen days after the order was entered. Nothing more was required to meet the timeliness requirement. Wihlm and Balek also argue Campbell's motion was improper because it did "nothing more than rehash legal issues raised and decided adversely to Campbell." We disagree. Campbell's Rule 1.904(2) motion requested the district court to reconsider certain facts and asked for an expansion of the order. If a motion "asks the court to examine facts it suspects the court overlooked and requests an expansion of the judgment in view of that evidence, then the motion is proper." *Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 641 (Iowa 2013) (citing *City of Waterloo v. Black Hawk*

*Mut. Ins. Ass'n*, 608 N.W.2d 442, 444 (Iowa 2000)). Because Campbell's motion was timely and proper, the jurisdictional appeal deadline was tolled. We conclude we have jurisdiction over the appeal.

A partition of real property is an equitable proceeding. Iowa R. Civ. P. 1.1201(1). Our review is de novo. *Spies v. Prybil*, 160 N.W.2d 505, 507 (Iowa 1968). Even on de novo review, however, we afford some deference to the decision of the district court because of "notions of judicial comity and respect; recognition of the appellate court's limited function of maintaining the uniformity of legal doctrine; recognition of the district court's more intimate knowledge of and familiarity with the parties, the lawyers, and the facts of a case; and recognition there are often undercurrents in a case—not of record and available for appellate review—the district court does and should take into account when making a decision." *In re P.C.*, No. 16-0893, 2016 WL 4379580, at *2 (Iowa Ct. App. Aug. 17, 2016).

"The general rule, both at common law and by statute, favors partition in kind. This is no longer true in Iowa, however." *Spies*, 160 N.W.2d at 508 (internal citation omitted). Iowa Rule of Civil Procedure 1.1201(2) provides as follows:

> Property shall be partitioned by sale and division of the proceeds, unless a party prays for partition in kind by its division into parcels, and shows that such partition is equitable and practicable. But personalty which is subject to any lien on the whole or any part can be partitioned only by sale.

"The rule . . . is unequivocal in favoring partition by sale and in placing upon the objecting party the burden to show why this should not be done in the particular

case." *Spies*, 160 N.W.2d at 508. The objecting party must show the in-kind division is both "equitable and practicable." *Id.* "When partition can be conveniently made of part of the premises but not of all, one portion may be partitioned and the other sold, as provided in the rules in this division." Iowa R. Civ. P. 1.1201(3).

The disposition of this case turns largely on the testimony of three expert witnesses and whether or not appraising farmland is so speculative that partition in-kind becomes impracticable. The parties agreed Vernon Greder, a certified real estate appraiser, would appraise the properties. He valued the properties at $3,144,000. Greder testified that if the property were sold at auction, he would recommend it be sold in separate parcels because doing so would attract more bidders for each parcel. Greder thus concluded the parcels Campbell requested could be divided from the remainder of the properties without materially impacting the sale value of the remainder of the properties at auction. Greder testified the value of the property Campbell sought was approximately one-third of the value of the properties. He testified the in-kind division would be fair and equitable. Greder did concede, however, that the value of farmland had been in some fluctuation.

Reed Kuper, who owns a real estate business, testified about the advantages of selling the parcels together. Kuper testified it would be advantageous to keep the land together due to the benefits of economies of scale. Kuper believed bidders would prefer the land as a whole. Kuper further testified that this was particularly true for these properties because of large

quality differences between the parcels. When questioned whether using the appraisal values in this case would produce an equitable result, Kuper said no. Kuper explained, in his opinion, appraisals do not factor in "fence line buyers" that overpay for land to which they are emotionally attached. Kuper also testified that market fluctuations made appraisals largely speculative. Kuper is not a certified appraiser.

Cory Behr, co-owner of an auction business, testified that his farm sales almost always exceed the appraised value of the property and that auctions establish a fair market value. Behr testified that separating Campbell's requested parcels from the remainder of the properties would have a limited effect on the land's total value. Indeed, like Greder, Behr testified it would be preferable to sell the parcels separately to maximize the sale value. When questioned whether Greder's calculations remained equitable, Behr responded "[t]he poorer quality soils have declined in value." Behr stated the only way to find the true value of the land was to put interested buyers into a room to bid on it. Anything else would be speculative, in his opinion. Behr is not a certified appraiser.

The district court's conclusion that Campbell failed to prove the division of the properties in kind was both equitable and practicable was predicated on the assumption, supported by Kuper's and Behr's testimony, that appraising farm property was largely a speculative endeavor. The district court stated "[t]he volatile nature of farmland as affected by the crop prices has made a partition in kind merely guesswork when factoring in the nature and qualities of the land." The district court concluded: "The Court is simply not in a position to engage in

guesswork to determine a division in kind, which may or may not be equitable to the parties. The true market value of the land will be ascertained through a sale on the free market."

We disagree with the conclusion that appraisal of farmland, generally, is merely a speculative endeavor. *See Hawk v. Council Bluffs Airport Auth.*, No. 05-0133, 2006 WL 1230010, at *6 (Iowa Ct. App. Apr. 26, 2006) ("Appraisal is not an exact science, but a subjective exercise of professional judgment by qualified and skilled individuals who may reasonably disagree.") (citing *Sears, Roebuck & Co. v. Sieren*, 484 N.W.2d 616, 617 (Iowa Ct. App. 1992)). The record reflects that appraisal is absolutely more certain than mere speculation. Further, the appraiser's opinion in this case was well-supported. Greder was a certified appraiser with extensive experience in the area. His appraisal was based on the economic value of the property based on CSR ratings and comparable sales, both providing reliable data points to appraise the properties at issue. In his testimony, he acknowledged the value of farmland, particularly low-quality farmland, had been decreasing in the area. His appraisal accounted for current market conditions. We see no reason to reject the concept of appraisal, generally, and Greder's testimony, specifically, out of hand.

On de novo review, we conclude Campbell proved in-kind division of the property was equitable. The certified appraiser, agreed upon by all parties, testified the land requested by Campbell was "a solid representation of near one-third of the total value." Greder further testified that the balance of the remaining real estate, which would be awarded to the two other siblings, was a "solid

representation of two-thirds of the total value." The record reflects that the property Campbell seeks can be divided without material diminution of the value of the remainder. *See* 68 C.J.S. Partition § 123 (stating the test is "whether or not the value of the share of each, after partition, would be materially less than the share of the money equivalent that each could probably obtain from the whole"). According to Wihlm and Balek, Campbell's property may be worth $36,000 more than their shares if sold. Even if this were true, it is an immaterial difference where the properties appraised at more than $3 million. A further equitable consideration favors division in-kind. The property at issue is a multi-generational family farm. While Campbell does not farm the property, all else being equal, the sentimental attachment she may have to the property weighs in favor of dividing her interest in kind. *See id.* (stating that "length of owner and sentimental attachment to property may be considered in a partition action").

On de novo review, we conclude Campbell proved division of the property was practicable. "When partition can be conveniently made of part of the premises but not of all, one portion may be partitioned and the other sold. . . ." Iowa R. Civ. P. 1.1201(3); *see also Newhall v. Roll*, No. 14-1622, 2015 WL 5965205, at *3–5 (Iowa Ct. App. Oct. 14, 2015) (reversing the district court's order to partition by sale as to avoid "guesswork" and ordering a partition in kind) (further review granted Jan. 19, 2016); *Anderson v. Johnson*, No. 03-2045, 2004 WL 2804854, at *2 (Iowa Ct. App. Dec. 8, 2004) (affirming the district court's order awarding a partition in kind and a partition by sale). The land Campbell seeks to divide from the other parcels is readily identifiable and largely

contiguous. There are no topographical issues that would make the division impracticable. Indeed, two of the three experts testified the properties can and should be sold in separate parcels.

The parties raise two other issues that must be addressed. Campbell argues that the appointed referee, Behr, had a conflict of interest because he also served as an expert witness. Campbell cites to a Nebraska case, *Phillips v. Phillips*, 104 N.W.2d 52, 55 (Neb. 1960), for the proposition that the court should not appoint someone to act as a referee in a partition case who is "biased or prejudiced to any party to the action." Further, "objections to the appointment of anyone to act as referee, on the ground of his being biased or prejudiced, are addressed to the sound discretion of the court making the appointment and the overruling thereof will not be set aside unless the record affirmatively shows that such discretion has been abused." *Phillips*, 104 N.W.2d at 55. The Nebraska Supreme Court found the trial court did not abuse its discretion in appointing as a referee an attorney who was litigating another matter against one party's counsel. *See id.* at 55–56. The court found there was no showing of prejudice or bias. *See id.* at 56.

Likewise, here there was no evidence presented that the auctioneer, Behr, was prejudiced or biased against Campbell. There is no conflict of interest because Behr's interests are aligned with his responsibility to act as a referee to sale the land. Behr's job is to maximize the profits for all parties, as well as himself. There is no evidence Behr will fail to carry out his duties as a referee. The district court did not abuse its discretion in appointing Behr as the referee.

Finally, Wihlm and Balek request appellate attorney fees. Under Iowa Rule of Civil Procedure 1.1225, "[o]n partition of real estate, but not of personal property, the court shall fix, and tax as costs, a fee in favor of plaintiff's attorney, in a reasonable amount, to be determined by the court." Iowa R. Civ. P. 1.1225. The rule says nothing about appellate attorney fees. *See Gleason v. Gleason*, No. 13-0876, 2015 WL 9450403, at *6 (Iowa Ct. App. Dec. 23, 2015) (denying request for appellate attorney fees because the "provision says nothing about appellate attorney fees" and there was no argument that appellate attorney fees be read into the provision). Wihlm and Balek argue the applicable rules of civil procedure do not limit the award of fees to only those incurred as part of trial, but fail to cite to any authority. We therefore decline Wihlm and Balek's request.

For the foregoing reasons, we reverse the judgment of the district court and remand this matter for in-kind partition of the property as requested by Campbell and for partition by sale of the remainder with the proceeds to be divided between Wihlm and Balek.

**REVERSED AND REMANDED.**



IOWA APPELLATE COURTS

State of Iowa Courts

**Case Number**        **Case Title**
15-0011                Wihlm v. Campbell

Electronically signed on 2016-09-14 08:46:46