WILLIAM J. STAATS ET AL., APPELLANTS, V. STANLEY B. WILSON, APPELLEE.*

FILED MARCH 22, 1906. No. 14,237.

1. **Partition: JUDGMENT: RES JUDICATA.** The judgment of the court, unappealed from, in a suit for partition of real estate, fixing the shares of the interested parties and making partition of the land, is final, and the parties thereto are estopped from claiming a greater interest, even though the proceedings of the court were

*Rehearing allowed. See opinion, p. 210, *post*.

irregular and the shares of the parties determined according to the provisions of an unconstitutional act of the legislature.

2. **Estoppel.** A widow who succeeded to a homestead valued at $2,000, for the purpose of procuring the absolute title thereto, paid the heirs $666.66, which they accepted, believing that such payment vested the absolute title in the widow; the heirs retained the payments so made, and remained silent for more than ten years. *Held*, That the heirs are estopped from now asserting title to the homestead against the widow's grantee, who purchased in good faith.

APPEAL from the district court for Richardson county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*John H. Barry* and *Edwin Falloon,* for appellants.

*C. Gillespie* and *John Gagnon, contra.*

EPPERSON, C.

Christopher Hoagland died intestate in Richardson county in 1891, seized in fee simple of the northwest quarter of section 26, township 3, range 13, in said county. He left surviving him his widow and six sons and daughters, and the children of a deceased son. While the administration of his estate was pending, his widow filed her application in the county court of Richardson county for the appraisement of the homestead, as provided by section 30 of the Compiled Statutes of 1889. Appraisers were appointed by the court and filed their written appraisement of the southwest 40 acres of said land, which they valued at $2,000. On March 16, 1892, the widow filed her written acceptance of the appraisement, and paid to the administrator the sum of $1,000, being the excess of the appraised value over and above $1,000, which she evidently considered she was entitled to as her homestead interest. The administrator distributed to the heirs the $1,000 surplus paid by the widow, except one-third thereof, which the widow of said deceased claimed or deducted at the time of payment. On the 23d day of April, 1892, John C. Hoagland, one of the heirs at law of said deceased, instituted an action in the district court for Richardson county for the

partition of the entire quarter section of land. In this action all the necessary parties were joined, and personal service of summons was had upon Mary Staats and Sarah Staats, two of the children and heirs of said deceased.

To this petition the widow filed her separate answer, alleging the facts above set forth as to the appraisement of the southwest quarter of said 160 acres, and the payment by her to the administrator of the $1,000, and of her election to retain the homestead so appraised, claiming that it descended to her in absolute title, and that the court had no jurisdiction in that action over the said 40 acre tract. She further claims that, as widow of the deceased, she owned an undivided one-third of the balance of said land, and prayed for a judgment confirming her share, and asked that the same be set off to her. To this answer the plaintiff replied by general denial. Mary Staats and Sarah Staats made no appearance in said proceeding. Upon trial of that cause the court found that the southwest quarter of said quarter section of land was the homestead of the widow, and, as to the balance of said land, that the widow is the owner and entitled to the undivided one-third part, and that the children of said deceased were each the owner of a one-seventh part, and by his judgment confirmed the interest of the parties, respectively, and appointed referees to make partition into the requisite number of shares. Later the referees made their report, showing that they had made partial partition by allowing to the widow the southeast quarter of the northwest quarter of section 26, which was of no greater value than one-third the total value of the entire premises to be partitioned, and reported that the balance of said land cannot be partitioned without great prejudice to the owners thereof. The court confirmed this report and ordered the referees to sell the balance of said land as provided by law. This order was complied with, and the remaining 80 acres sold for the sum of $3,448, which sale was reported to and confirmed by the court November 30, 1892. The referees were di-

rected to make their deed to the purchaser and distribute the proceeds of the sale to the parties according to their respective shares. On the first day of March, 1894, the widow, by her warranty deed, conveyed to the defendant all of the land so claimed by her. It is apparent that the widow, the administrator, the heirs and the courts attempted to follow the provisions of the Baker act of 1889, which was by this court declared unconstitutional in the case of *Trumble v. Trumble,* 37 Neb. 340. The widow died in 1901.

On the 26th day of March, 1903, plaintiffs herein instituted this action in the district court for Richardson county for a partition of the said south half of said quarter section of land, so conveyed to the defendant by the widow, claiming each to own a one-seventh part thereof. They admit that the defendant owns the other five-sevenths, the other heirs having conveyed to him whatever interest they possessed. The plaintiff Sarah Staats claimed as heir and George F. Staats as the grantee of Mary Staats. The plaintiffs contend that the proceedings in the probate court and the early partition case were void and of no effect, because they were conducted under the provisions of the Baker act, which in the light of subsequent adjudication is known to be unconstitutional, and that they are entitled now to a division of the property, the same as though the former proceedings in partition and the attempted assignment of the homestead had never been had.

The defendant contends, among other things, that the rights of the widow, to which he succeeded, were adjudicated by a competent court, that the plaintiffs were estopped from claiming title to the land in controversy. The judgment of the lower court was for defendant, and plaintiffs appeal.

The rights of the parties hereto depend upon their conduct and the proceedings had, which differ as to the two tracts of land, the southwest quarter known as the homestead, and the southeast quarter assigned in the partition

case. The title of the widow to the southeast quarter, if any she had in addition to dower, was acquired by the assignment of the same to her in the partition case. In that case the court had jurisdiction over all of the interested parties. They, and none other, owned the property and were entitled to a partition thereof. The widow had a dower interest in and to the 120 acres of land. This should have been assigned to her. She claimed a greater interest, and asked the court to give her one-third absolutely; the plaintiffs herein, or those to whose title they succeeded, did not oppose the application of the widow. The court, being fully vested with jurisdiction, granted her petition, and set off to her in actual partition the 40 acres, being one-third of the land involved. The court found that she was legally entitled to the land assigned to her. The court therefore erred, and, had proceedings in error been prosecuted, the judgment would have been reversed. The court's jurisdiction did not depend on the unconstitutional Baker act. The judgment was not void, but erroneous. *Brandhoefer v. Bain,* 45 Neb. 781. It is not subject to collateral attack. By the judgment in that partition case the title confirmed in each of the parties thereto became *res judicata.* In other words, had the Baker act never existed, and had the court proceeded as it did, its proceedings would have been irregular and subject to reversal in a direct proceeding. In the absence of proceedings to review, its judgment would have stood as final, so far as it affected the parties thereto or their grantees. The fact that the legislature had passed a void act does not render the judgment less effective than it would have been had no such act been passed.

Plaintiffs contend that a judgment in partition proceedings is not final. Section 811 of the code, relating to actions in partition, provides—"After all the shares and interests of the parties have been settled * * * judgment shall be rendered confirming those shares and interests, and directing partition to be made accordingly." Section 839 provides: "When all the parties in interest

have been duly served, any of the proceedings herein prescribed shall be binding and conclusive upon them all." Section 840 provides: "The judgment of partition shall be presumptive evidence of title in all cases, and as between the parties themselves it is conclusive evidence thereof, subject, however, to be defeated by proof of a title paramount to, or independent of, that under which the parties held as joint tenants or tenants in common." This language is so plain that no judicial interpretation is required.

As to the homestead forty, a different and more difficult question is presented. The proceedings for partition in which the homestead was mentioned did not finally dispose of same to the extent of adjudicating the rights of the plaintiffs herein. The records of the county court do not show an assignment to the widow, but show that the land of the deceased descended to the heirs, subject to the homestead of the widow. The defendant's grantor claimed the homestead as the widow of the deceased, and by reason of the payment of the $666.66 distributed to the heirs in payment for that part thereof which she thought she was not entitled to as widow. Her attempt to procure an assignment of the homestead and the payment of the $666.66 was prior to the early partition suit, which, as heretofore shown, disposed of the balance of the estate. That the deceased had a homestead interest in his land to which his widow succeeded there is no doubt. At the time she elected to take the 40 acre tract as her homestead and paid the surplus to the administrator, and upon payment of a share thereof to the said Mary Staats and Sarah Staats, each of them executed a voucher in which payment thereof was acknowledged as "the portion due me of the sum paid by Ella M. Hoagland, widow of said Christopher M. Hoagland, by reason of her election to retain homestead under and by virtue of section 30, chapter 23 of the Compiled Statutes of 1887, as amended by act of 1889, $95.23." Had the Baker act been constitutional, it would have vested title in the widow. The receipt of this fund by these heirs is not

17

denied, neither is it denied that they received their distributive share of the proceeds of the purchase price paid for the north half of the quarter section.

The conduct of the widow and the heirs regarding the homestead amounted to a partial parol partition of the land with owelty. Each was competent to contract and had an interest which she had a legal right to dispose of. The heirs accepted money advanced by the widow which otherwise they would not have received, and parted with title which otherwise they would have retained. Their conduct vested an equitable title to the homestead in the widow which, in our opinion, she could have confirmed by a proper proceeding in her lifetime. Parol partitions are unsatisfactory and should be discouraged, but, when indulged by one who retains the benefits thereof, and who acquiesces therein for a considerable time, operate as an estoppel. Freeman, Cotenancy and Partition (2d ed.), sec. 398; *Whittemore v. Cope,* 11 Utah, 344. The heirs knew that their mother, the widow, claimed absolute title. They received a just compensation for their interests. They stood by and saw the plaintiff take possession, and probably knew the terms of his purchase. The conscience of this court knows no rule that will permit them to recover.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.

The following opinion on rehearing was filed October 8, 1906. *Judgment of affirmance adhered to:*

EPPERSON, C.

The facts in this case are stated in the former opinion reported *ante,* p. 204. A rehearing was granted, additional briefs filed and the case again argued orally.

1. Plaintiffs contend that in the partition case insti-
tuted by John C. Hoagland the court did not have the jur-
isdiction to set off to the widow the S. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$
of the Hoagland land. It is admitted that the court had
jurisdiction of the parties and the subject matter; but it is
argued that the court had no jurisdiction to assign to the
widow the 40 acres or one-third in value of all the land
partitioned, when by law the widow was only entitled to a
dower interest in the land. Such decree, it is argued, is
null and void and may be attacked collaterally. Counsel
cite *Cizek v. Cizek,* 69 Neb. 800, in support of their conten-
tion. It was there held:

"In a suit arising under the provisions of chapter. 25,
Comp. St. 1901, the district court has not jurisdiction to
award real estate of the husband to the wife in fee as
alimony, and a decree in so far as it attempts so to do is
void and subject to collateral attack."

The *Cizek* case is not analogous to the case at bar. The
statute giving the district court the power to grant ali-
mony does not provide that real estate belonging to the
husband may be set off to the wife as alimony or in lieu of
alimony, and the question considered in *Cizek v. Cizek,*
*supra,* was: "Is the power to give the husband's real es-
tate to the wife by decree in a divorce suit implied in the
power which the statute expressly confers to give ali-
mony?" The order awarding specific real estate to the
wife as alimony was held void and subject to collateral
attack. It was a special matter not presented by the plead-
ings and foreign to the issues. In the Hoagland partition
case, which is assailed in the case at bar, the only issue pre-
sented was the widow's right to have the 40 acres in con-
troversy set off to her as her interest in her late husband's
estate. The court had jurisdiction, under the statutes
quoted in our former opinion, to ascertain and confirm the
shares of the parties. Can it be said that by erroneously
decreeing to her more than she was entitled to the court
exceeded its jurisdiction? By the order confirming in
the widow the 40 acre tract as her share, the court kept

within the issues raised by the pleadings and within the statute giving it power to order partition.

2. As to the homestead forty we see no error in our former opinion. The heirs received $666.66 for their interest in land worth $2,000. Their interest was subject to the widow's life estate. It is not shown that the amount received was inadequate. In *Wamsley v. Crook,* 3 Neb. 344, 352, it is said:

"It is a well settled rule of law that one cannot be permitted to receive both the purchase money and the land. And the application of this principle of estoppel 'does not depend upon any supposed distinction between a void and voidable sale. The receipt of the money, with the knowledge that the purchaser is paying it upon an understanding that he is purchasing a good title, touches the conscience and therefore binds the rights of the party in one case as well as in the other.' "

This case was cited with approval in *McMurtry v. Brown,* 6 Neb. 368; *Yanow v. Snelling,* 34 Neb. 280. Plaintiffs received their share of the $666.66 from the widow, who thought she was buying their interest. They thought they were selling, and they were. They never returned the purchase price. It is evident that the decree of the district court was right. Our former opinion affirming that decree should be adhered to, and we so recommend.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment in this case is adhered to.

AFFIRMED.