RAMONA J. NORDHAUSEN ET AL., APPELLEES, V. KAREN CHRISTNER AND LOYD CHRISTNER, WIFE AND HUSBAND, APPELLANTS, AND SOPHIA NORDHAUSEN, APPELLEE.

338 N.W.2d 754

Filed September 30, 1983. No. 82-544.

Jerry C. Stirtz of Martin, Stirtz & Martin, for appellants.

Guy G. Curtis, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

KRIVOSHA, C.J.

This is an appeal from a judgment entered by the District Court for Chase County, Nebraska, directing that certain land owned by the various parties to this action be partitioned in kind, pursuant to the provisions of Neb. Rev. Stat. §§ 25-2170 to 25-21,111 (Reissue 1979). For reasons more particularly set out hereinafter, we reverse and remand with directions.

In July of 1956 Carl Nordhausen, a resident of Chase County, Nebraska, died intestate. He was survived by his widow, Sophia Nordhausen, a son, Vernon Nordhausen, and a daughter, Karen Christner. The following-described real estate was included in the assets of Carl Nordhausen, to wit: the north half and the southwest quarter of Section 15, Township 5 North, Range 36 West of the 6th P.M., Chase County, Nebraska, and the west half of Section 22, Township 5 North, Range 36 West of the 6th P.M., Chase County, Nebraska.

The described property consists of five quarter sections which form a tract in the shape of an inverted "L." Except for the land upon which certain improvements are located, the land in Section 15 is all pastureland, as is the land located in the west half of the west half of Section 22. Together it consists of 613 acres. The land is very rough, with deep gullies and ravines, and is classified by the U.S. Department of Agriculture as class VII pasture, which is the lowest USDA land classification. The remaining property in the west half of Section 22 consists of 178 acres and is all cropland, classified by the U.S. Department of Agriculture as class II cropland, which is the highest classification given by the

USDA to nonirrigated land. The improvements are located on the south edge of Section 15 and consist of a four-bedroom frame residence, a washhouse, a quonset hut, a corral, a barn and well, and a grain elevator. In 1979 Vernon Nordhausen died intestate, leaving his wife, Ramona, and daughters, Sheila Pfeiffer and Sharla Nordhausen, as his sole and only heirs. They, together with Sheila's husband, Dennis, filed a petition seeking partition of the land previously described. Named as defendants were Karen Christner and her husband, Loyd, and Carl Nordhausen's widow, Sophia. During the course of the trial, Sophia Nordhausen stipulated that she would convey her interest to each of the parties. Therefore, her interest in the property can be disregarded.

For more than 12 years the pasture and related improvements have been used and occupied by Karen Christner and her husband, Loyd, who have developed a cow-calf herd. Vernon Nordhausen and his family have used the crop ground. In addition, the Nordhausens have used the residence, the washhouse, and the quonset building.

The trial court, in its effort to perform a Solomon-like division, accepted the report of the referee that the property could in fact be partitioned in kind, and directed that the cropland and all the improvements be assigned to the Nordhausens and the pastureland assigned to the Christners. In making its order the court specifically found that the value of the various lands included in the litigation was somewhere between that testified to by the court-appointed referee and the Christners' expert witness. How the specific amount between the two was arrived at by the court is difficult to determine. Nevertheless, the court valued the property given to the Christners at $180 an acre, for a total value of $110,340. The court further found that the cropland being given to the Nordhausens had a value of $500 per acre, for a total value of $89,000. The court then concluded that the

value of the improvements on the property was $20,500 greater than "the excess of the value of improvements made by the Plaintiffs over the improvements made by the Defendants." In addition to dividing the land in kind, the court directed that the Nordhausens pay to the Christners the sum of $5,000 as "relocation costs."

Anticipating the division in kind, the Christners sought access to the pastureland by requesting the trial court to find that they had a right to use a certain road which ran mostly across land not involved in the partition. The court refused to do so and, instead, ordered that the Christners were to have access into the pasture ground only through a road located north of Section 15. The Christners have now appealed to this court, and have devoted their brief substantially to the question of whether they were entitled to access on a road running parallel to and adjacent to the section line between Sections 15 and 22 and only coincidentally owned by Ramona Nordhausen. During oral argument, the parties conceded that they were uncertain as to how the court could give any consideration to a road located principally upon property not involved in the partition, but they nevertheless pursued their claim. We need not, however, reach that issue, because we believe that, try as it would, the trial court was in error in attempting to partition this property in kind and, instead, should have ordered the entire tract sold.

While it is generally true that there is a presumption in favor of partition in kind, see *Phillips v. Phillips*, 170 Neb. 733, 104 N.W.2d 52 (1960), it is likewise true that the character and location of the property, or the amount of the interest sought to be assigned, or both, may be such that it will be presumed that partition in kind cannot be made. See *Trowbridge v. Donner*, 152 Neb. 206, 40 N.W.2d 655 (1950). The purpose of partition by sale rather than in kind is best described in 2 American Law of Property § 6.26 at 113 (A. Casner ed. 1952), wherein the author

notes: ''[S]tatutes usually provide for a sale on partition where a physical partition cannot be made equitably or without manifest injury to any or all of the cotenants. Variations in the terms of the statutes seem to be unimportant, the courts construing them as authorizing a partition by sale when that method will operate more equitably and where a division in kind would work a substantial injury to the cotenants.'' Courts, as an example, have ordered partition by sale, rather than by kind, where the improvements, once divided, required the construction of bridges or roadways to make the parcel usable, *Conyers v. Conyers et ux.*, 302 Ky. 343, 194 S.W.2d 660 (1946), or where, after partition in kind, the only available purchaser of the tract would be the other former cotenants, *Onderdonk v. Onderdonk*, 269 Md. 563, 307 A.2d 710 (1973), or where the tract of land is such that in dividing the land each party will not receive the same type of land, *Hipshire v. Stapleton*, 57 Tenn. App. 339, 418 S.W.2d 457 (1966).

In the instant case, in order to divide this property in kind, the court gave all of the pasture ground to one party and all of the crop ground to another. That resulted in a division of property which had to be measured by metes and bounds and was not equal in kind. The court then took improvements constructed and used by one of the parties and gave them to the other, even though there is no evidence to indicate that the other party has use for all the improvements. In doing this the court was required to resolve a factual dispute as to the value of both the real property and the improvements. The court concluded that neither party's testimony could be accepted as correct but, rather, some figure in between should be the basis for dividing the property. And then the court ordered that one party pay to the other party $5,000 in cash to compensate for the loss in improvements which were conveyed. In this regard an examination of the record fails to disclose any evidence which can support the granting of a

judgment in the amount of $5,000. Finally, the Christners now have land, access to which, the evidence appears to establish, will be perhaps impossible and at best difficult. The referee testified that the road from the north was hilly and would require the construction of a culvert. The Christners' expert testified that the path was inaccessible to all but vehicles equipped with four-wheel-drive or a short wheelbase.

While we agree that the presumption in favor of partition in kind does still prevail in this jurisdiction and no one of the issues involved in this case is necessarily sufficient to overcome that presumption or to justify ordering partition by sale rather than partition in kind, when all of them are taken together it is apparent that the purpose of partitioning land in kind, under these circumstances, is totally frustrated and perhaps even defeated. Neither party seems content with the result, and both parties have something other than what they appear to want or can use. It appears that this is indeed one of those cases which falls into the exception and in which the trial court, try as it would to give the parties what they wanted, should not have attempted to partition in kind. The judgment of the trial court therefore is reversed and the cause remanded with directions that the property be partitioned by sale, pursuant to the provisions of the Nebraska statutes.

REVERSED AND REMANDED WITH DIRECTIONS.