Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/07/2021 08:12 AM CDT

Dreesen Enterprises, Inc., a Nebraska corporation,
appellee, v. Rose Dreesen, also known as
Rozella A. Dreesen, defendant and
third-party plaintiff, appellant, and
Daniel L. Dreesen, third-party
defendant, appellee.

___ N.W.2d ___

Filed February 12, 2021.    No. S-20-353.

1. **Partition: Quiet Title: Trusts: Equity.** Partition, quiet title, and constructive trust actions are actions in equity.
2. **Equity: Appeal and Error.** A case in equity is reviewed de novo on the record, subject to the rule that where credible evidence is in conflict on material issues of fact, the appellate court considers and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another.
3. **Landlord and Tenant: Restitution.** An action for restitution of premises brought under Nebraska's Uniform Residential Landlord and Tenant Act is an action at law.
4. **Judgments: Appeal and Error.** In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong.
5. **Quiet Title: Proof.** In an action to quiet title, when the plaintiff's title is put in issue by the answer, he or she is required to establish upon the trial that he or she is the owner of the legal or equitable title to the property, or has some interest therein superior to the rights of the defendant, in order to entitle him or her to the relief demanded.
6. **Trusts: Property: Title: Equity: Proof.** Generally, a court, sitting in equity, will not impose a constructive trust and constitute an individual as a trustee of the legal title for property unless it be shown, by clear and convincing evidence, that the individual, as a potential constructive trustee, had obtained title to property by fraud, misrepresentation, or an abuse of an influential or confidential relationship and that, under

the circumstances, such individual should not, according to the rules of equity and good conscience, hold and enjoy the property so obtained.

7. **Trusts: Proof.** A party seeking the remedy of a constructive trust has the burden to establish the factual foundation, by evidence which is clear and convincing, required for a constructive trust.

8. **Leases.** The terms of an oral lease agreement are to be found in the parties' respective versions of the agreement, and their acts and conduct in light of the subject matter.

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Affirmed.

David V. Chipman, of Monzón, Guerra & Associates, for appellant.

Christopher S. Bartling, of Bartling & Hinkle, P.C., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

A former wife appeals a district court's judgment evicting her from a property and quieting title to it in her former husband's corporation, but awarding her a judgment for the money she provided for its downpayment. She claimed co-ownership in the property and sought a constructive trust and partition. He argued she loaned him the downpayment and was not an owner. The court found his version of events more credible and granted relief accordingly. We give weight to the court's factual findings and affirm its judgment.

## BACKGROUND

Since the dissolution of a marriage in 2004, Daniel L. Dreesen and Rose Dreesen have occasionally continued to live together in Beatrice, Nebraska. In 2013, Daniel evicted Rose from the Beatrice property for failure to pay rent, and Rose moved to Wymore, Nebraska. However, Rose visited

Daniel often—each time staying on the Beatrice property a few days before Daniel would ask her to leave.

In 2017, Daniel and Rose once again cohabitated—this time in Lincoln, Nebraska. However, the sole titleholder of the property that Daniel and Rose lived on was Dreesen Enterprises, Inc. Daniel wholly owned Dreesen Enterprises and is its president. Rose does not have any ownership stake in Dreesen Enterprises.

This case arose after Rose failed to pay rent to Dreesen Enterprises for 2 years and it initiated eviction proceedings against her in county court. Rose denied being a tenant and claimed to co-own the property—a title dispute that deprived the county court of subject matter jurisdiction of the eviction proceeding.[1]

Dreesen Enterprises then filed a complaint in district court, seeking that the court quiet title to the property in Dreesen Enterprises and restore the premises to it. Rose filed a counter-complaint, requesting partition or, alternatively, a constructive trust and restitution.

A trial was held to determine the property's ownership. The record features diametrically opposed testimony by Daniel and Rose. No other witnesses testified. Daniel's and Rose's versions of events are explained in turn.

### Daniel's Version of Events

Daniel testified he purchased the property for $283,000 through Dreesen Enterprises. Dreesen Enterprises entered into a purchase agreement to buy the property, and Daniel signed the agreement as its president. Daniel denied that he agreed to co-own the property with Rose, citing that she did not sign the purchase agreement.

The seller conditioned the purchase of the property upon closing within 1 week of signing the agreement. Daniel had

---

[1] See *Federal Nat. Mortgage Assn. v. Marcuzzo*, 289 Neb. 301, 854 N.W.2d 774 (2014).

sufficient equity in other real estate to cover the downpayment, but given the quick deadline, he was not able to liquidate it. Daniel discussed with Rose how he planned to raise the "money," and she proposed loaning him $50,000 for the downpayment. Daniel accepted Rose's offer, and Daniel obtained the remaining purchase price amount through a bridge loan. Dreesen Enterprises signed a promissory note, which Daniel personally guaranteed. Rose did not sign the note or guarantee the loan.

After obtaining financing, Daniel closed on the property in July 2016. The property was titled solely in Dreesen Enterprises for liability purposes. Rose did not sign the closing documents. Immediately after closing, Daniel moved onto the property. Daniel presented evidence at trial that Dreesen Enterprises paid all the mortgage payments, real estate taxes, and insurance costs for the property.

Daniel and Rose agreed to have her reside on the property as a tenant—a living arrangement similar to the Beatrice property circa 2013. However, after Daniel decided that he was not going to "get along" with Rose, he attempted to repay Rose the loan and stop her from moving onto the property. When Daniel presented her with a check for $50,000, she tore it up. Rose moved onto the property in January 2017. But, despite Daniel's repeated demands, Rose never paid rent.

### Rose's Version of Events

Rose claims to co-own the property with Daniel. Rose discovered the property, initially made contact with the sellers, and toured the property with Daniel. Rose served as the property's caretaker. She cooked meals, did laundry, and bought groceries for both Daniel and herself. Additionally, she contributed toward improving the home's condition by helping purchase a fence and buying items like a new front door.

Rose argues that her $50,000 was not a loan to Daniel, but instead her capital contribution to their joint purchase of the property. Rose testified that she originally discussed

loaning Daniel the downpayment, but they later agreed on buying the property together. She supported her argument by alleging that she paid $4,000 toward the loan's interest payments. Finally, although Rose admitted that before closing, Daniel told her the property would be titled in Dreesen Enterprises, she explained that she did not protest Daniel's plan because he did not tell her of his plan until 10 minutes before the closing and he already had her $50,000.

To prove Rose's claims, she presented a document that Daniel allegedly signed, stating they bought the home together. However, Rose admitted that Daniel never read the document. Furthermore, Rose presented a cashier's check for $4,000, but the check was made out to herself, not the bank servicing Dreesen Enterprises' loan.

## Daniel's Rebuttal

Daniel refuted Rose's version of events, repeatedly showing Rose's testimony conflicted with her previous statements. Daniel presented transcripts from the county court's proceedings in which Rose had testified that "I was originally going to . . . loan him the money, but that all changed. This [was] what we had agreed on before anything was done" and also that she agreed to pay Daniel $600 per month, but they lowered the rent to $500 per month based on her income. Daniel corroborated these statements with a 2019 letter written by Rose to Daniel's attorney in which she stated that the "agreement was he pay me back the money all of it [b]ut he gave me a [check] which was not all he owed me" and that "we [first] decided on the $600.00 [per month,] then we went to $500.00."

## District Court's Findings

Faced with two witnesses with diametrically opposed testimony, the district court made a credibility determination and several factual findings. The court found "Daniel's version of events that the $50,000 was a loan is more credible," although it noted that Daniel had not repaid the loan. The court also found that Rose was aware before closing that the property

was going to be titled in Dreesen Enterprises and did not protest Daniel's actions. Finally, the court found that Daniel and Rose had entered into an oral agreement in which Rose would pay $500 per month to reside at the property and she had not paid the agreed-upon rent.

Based on these findings, the court granted three forms of relief to Daniel and restitution to Rose. The court quieted title to the property in Dreesen Enterprises, enjoining Rose from asserting any claim of interest in the property and consequently declining to partition the property. Additionally, because Rose knew prior to closing that the property would be titled in Dreesen Enterprises' name and she did not object, the court denied Rose's request for a constructive trust. The court restored the premises to Daniel, finding Daniel and Rose had agreed to an oral lease in which Rose would pay $500 per month to reside on the property. Finally, the court ordered Daniel to pay restitution of $50,000, because he was unjustly enriched by the unpaid loan.

Rose filed a timely appeal, which we moved to our docket.[2]

## ASSIGNMENTS OF ERROR

Rose assigns the district court erred in (1) quieting title to the property in Dreesen Enterprises, (2) failing to partition the property, (3) finding that Rose failed to meet her burden for the imposition of a constructive trust in her favor regarding the property, and (4) finding that Dreesen Enterprises had established there was a valid oral lease and was entitled to restoration of the premises.

## STANDARD OF REVIEW

[1,2] Partition, quiet title, and constructive trust actions are actions in equity.[3] A case in equity is reviewed de novo on

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

[3] See, *FTR Farms v. Rist Farm*, 305 Neb. 708, 942 N.W.2d 204 (2020); *Adair Holdings v. Johnson*, 304 Neb. 720, 936 N.W.2d 517 (2020); *Junker v. Carlson*, 300 Neb. 423, 915 N.W.2d 542 (2018).

the record, subject to the rule that where credible evidence is in conflict on material issues of fact, the appellate court considers and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another.[4]

[3,4] An action for restitution of premises brought under Nebraska's Uniform Residential Landlord and Tenant Act is an action at law.[5] In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong.[6]

## ANALYSIS

### QUIET TITLE

[5] The cornerstone of Rose's appeal is that she co-owns the property with Daniel, assigning that the court erred in quieting title to the property in Dreesen Enterprises. In an action to quiet title, when the plaintiff's title is put in issue by the answer, he or she is required to establish upon the trial that he or she is the owner of the legal or equitable title to the property, or has some interest therein superior to the rights of the defendant, in order to entitle him or her to the relief demanded.[7]

The court found that Dreesen Enterprises was the sole owner of the property because (1) the property was conveyed solely to Dreesen Enterprises; (2) it paid all the real estate taxes, insurance, and mortgage payments on the property; and (3) Daniel, the sole owner of Dreesen Enterprises, resided at the property since purchase. The court also cited Rose's statements regarding her refusal to accept Daniel's repayment because it "was not all he owed [her]" in its judgment finding that the $50,000 was a loan. While Rose heavily disputes the

---

[4] *Skyline Woods Homeowners Assn. v. Broekemeier*, 276 Neb. 792, 758 N.W.2d 376 (2008).

[5] See *Blankenau v. Landess*, 261 Neb. 906, 626 N.W.2d 588 (2001).

[6] *Hastings State Bank v. Misle*, 282 Neb. 1, 804 N.W.2d 805 (2011).

[7] See *Weesner v. Weesner*, 168 Neb. 346, 95 N.W.2d 682 (1959).

court's findings, we give them weight and find no reason to reverse the court's ruling.

## Partition

Next, Rose argues that the court erred in failing to partition the property. Any joint owner of any real estate or of any interest therein may compel partition of the property.[8] However, because Rose was not an owner of the property, the court did not err in declining to grant partition.

## Constructive Trust

Alternatively, Rose claims that the court erred in not imposing a constructive trust in her favor regarding the property. A constructive trust is imposed when one has acquired legal title to property under such circumstances that he or she may not in good conscience retain the beneficial interest in the property.[9] A constructive trust is a relationship, with respect to property, subjecting the person who holds title to the property to an equitable duty to convey it to another on the grounds that his or her acquisition or retention of the property would constitute unjust enrichment.[10]

[6,7] Generally, a court, sitting in equity, will not impose a constructive trust and constitute an individual as a trustee of the legal title for property unless it be shown, by clear and convincing evidence, that the individual, as a potential constructive trustee, had obtained title to property by fraud, misrepresentation, or an abuse of an influential or confidential relationship and that, under the circumstances, such individual should not, according to the rules of equity and good conscience, hold and enjoy the property so obtained.[11] A party seeking the remedy of a constructive trust has the burden to establish the factual

---

[8] See Neb. Rev. Stat. § 25-2170.01 (Reissue 2016).

[9] *Brtek v. Cihal*, 245 Neb. 756, 515 N.W.2d 628 (1994).

[10] *Id.*

[11] *Id.*

foundation, by evidence which is clear and convincing, required for a constructive trust.[12]

Here, Rose needed to prove by clear and convincing evidence that Daniel obtained the property through fraud, misrepresentation, or an abuse of an influential or confidential relationship. However, Daniel fully disclosed that the property would be titled solely in Dreesen Enterprises and Rose voiced no objection to Daniel's actions or took any steps to stop the closing and take back her $50,000. The court found that Rose did not present sufficient evidence to overcome these unfavorable facts, failing to meet her burden of proof. We agree and find no error.

## Restitution of Premises

[8] Finally, Rose argues the court erred in finding that Dreesen Enterprises had established there was a valid oral lease and that it was entitled to restoration of the premises under Nebraska's Uniform Residential Landlord and Tenant Act.[13] The terms of an oral lease agreement are to be found in the parties' respective versions of the agreement, and their acts and conduct in light of the subject matter.[14] The party seeking to enforce the contract carries the burden of proof.[15]

The court found that there was an oral agreement between Daniel and Rose in which Rose would pay $500 per month to reside at the property and that she had not paid the agreed-upon rent. Daniel presented evidence at trial supporting such a finding. Because there is evidence in the record supporting the court's factual finding, it was not clearly wrong and we will

---

[12] *Id.*

[13] See Neb. Rev. Stat. § 76-1401 et seq. (Reissue 2018).

[14] See, *Kinkenon v. Hue*, 207 Neb. 698, 301 N.W.2d 77 (1981) (citing 1 Arthur Linton Corbin, Corbin on Contracts § 18 (1963)). See, also, § 76-1403.

[15] See *Griggs v. Oak*, 164 Neb. 296, 82 N.W.2d 410 (1957).

not disturb it.[16] Therefore, the court did not err in restoring the premises to Dreesen Enterprises.

## CONCLUSION

While Dreesen Enterprises was the sole owner of the property, Rose was not only a tenant, but also Daniel's lender. The court did not err in quieting title to Dreesen Enterprises, declining to partition the property or impose a constructive trust upon it, restoring the premises to Dreesen Enterprises, and awarding Rose a monetary judgment for the unpaid loan. We affirm the district court's judgment.

Affirmed.

---

[16] See *Hastings State Bank, supra* note 6.